## No. 5915.

SUCCESSION OF JOHN A. MILLER. ON OPPOSITION OF MRS. M. P. METCALFE TO THE ACCOUNT OF THE EXECUTRIX.

This succession was opened in the State of Louisiana and in the State of Mississippi, in both of which States the deceased, who resided in Mississippi, left a large amount of property. In an account of her administration, containing a partial tableau of distribution, the administratrix charged Mrs. Metcalfe with the amount of two drafts drawn in her favor by the deceased and subsequently paid by the administratrix. Mrs. Metcalfe objected to it on several grounds, among which, because said two drafts having been donated to her by her deceased father in the State of Mississippi, and said gift having been perfected by delivery in said State, where the donee was also domiciled at the time, can not be the object of collation in this State, wherefore she prays that the said charge be stricken from the account and the amount paid to her.

In this case the only duty of the administratrix in respect to the drafts was to place the item on the account as so much paid or to be paid in the course of administration, leaving the question of partition and distribution to be settled in other proceedings, if it should not be remitted to the State of Mississippi, where the principal succession was opened, the one here being ancillary. But as the judgment appealed from might be successfully urged as *res judicata* in any future proceeding, it should be amended so as to reserve opponent's right to object to the charge as against her, one of the heirs. The questions of partition and collation can be determined at another time.

APPEAL from the Second District Court, parish of Orleans. *Tissot,* J. *W. H. Hunt*, for administration and appellee. *E. H. McCaleb,* for opponent and appellant.

Howell, J. John A. Miller, a resident of Washington county, Miss., died in that county on the twenty-eighth of June, 1874, leaving four daughters as his only heirs residing in said State, and a large amount of property both in Mississippi and Louisiana. His succession was opened

in both States, and Miss M. Georgie Miller, one of his heirs, was appointed and qualified as administratrix. The account of her administration filed by her contains the following items : "To amount paid two sight drafts for Mrs. Metcalfe, $1849 80 ;" and in her partial tableau of distribution forming a part of or accompanying said amount are the following : "Mrs. Metcalfe has received $2849 80 ; balance of her share is $2767 63—$5617 43."

To these items Mrs. Metcalfe, who is one of the heirs, filed an opposition, alleging that she had received only one thousand dollars, and she was wrongfully charged with the amount of the two drafts, which she alleges were a donation made to her by her father just before his death. She subsequently filed a peremptory exception to the charge of the said two drafts on the grounds—

"First—Because it is now pretended that said two drafts were given to this opponent as an advancement by her deceased father, which pretense, even were it true (which it is not), would not authorize or permit said charge on the account and tableau, as no collation can be compelled as an incident to the action of partition.

"Second—Because in the partition suit of Mrs. M. P. Metcalfe vs. Mrs. L. H. Sterling et al., No. — of this Honorable Court, said administratrix and her co-heirs have in their answer therein filed, which is here referred to as part hereof, expressly waived any supposed right which they might have to claim collation in this State, reserving all such claims to be asserted hereafter, if they should so desire, in the State of Mississippi, where John A. Miller was domiciled at the time of his death, where his estate has been opened and is now being administered upon, where all of his heirs reside, and where the drafts in question were given to this appearer by said deceased ; that the averments and reservation in said answer contained judicially estop said administratrix and her co-defendants from claiming any collation in this State.

"Third—That said two drafts having been donated to this opponent by her deceased father in the State of Mississippi, and said gift having been perfected by delivery in said State, where the donee was domiciled at the time, can not be the object of collation in this State."

And she prayed that the said charge be stricken from the account and the amount be paid to her.

Her opposition and exceptions were overruled, and the account was homologated, and she appealed.

It is no part of the duty of an administrator to make a partition among heirs, and if objection is made thereto it can not be binding. In this case the only duty in respect to these drafts was to place the item on the account as so much paid, or to be, in the course of administration, leaving the question of partition or distribution to be settled (as we understand

the attorney of the succession to admit and contend) in other proceedings, if it should not be remitted to the State of Mississippi, where the principal succession was opened, the one here being ancillary. The judgment appealed from might successfully be urged as *res judicata* in any future proceeding, and should therefore be amended so as to reserve opponent's right to object to the charge as against her, an heir. The questions of partition and collation can be determined at another time.

It is therefore ordered that the judgment appealed from be amended so as to reserve to opponent, Mrs. M. P. Metcalfe, the right to contest in any future proceedings the charge against her of $1849 80, amount of two drafts paid by the administratrix, and that as thus amended said judgment be affirmed, costs of appeal to be paid by the succession.

## ON REHEARING.

MORGAN, J. Another examination of the record and the matters in controversy in relation thereto has satisfied us that the judgment heretofore pronounced is correct.

It is therefore ordered that our former judgment remain undisturbed.

WYLY, J., *dissenting.* The succession here is ancillary to the succession in Mississippi, where the deceased was domiciled and where all the heirs reside.

The two drafts, amounting to $1849 80, which the deceased gave to his daughter, Mrs. Metcalfe, the day before his death, were by the laws of Mississippi presumed to be an absolute gift, and not an advancement to be brought into hotch-potch with the estate of the deceased for final distribution. Fatheree vs. Fletcher, 2 George (Miss.) Reports, 265; 5 Smeedes & Marshall (Miss.) Reports, 700. There is no proof in the record to overcome this presumption.

I think, therefore, the opponent, Mrs. Metcalfe, was right in objecting to being debited on the account of the administratrix with $1849 80. It was proper to charge the succession with the payment of this sum, being the amount of two drafts drawn by the deceased. But as the drafts became the property of Mrs. Metcalfe the day they were executed and delivered to her by her father in Mississippi, she ought not to be debited with the amount thereof on the account filed herein. To do so would be to compel her to collate the sum of $1849 80 which she does not owe and which she can not legally be required to collate.

I therefore dissent from the opinion and decree of the court in this case.